DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Schuerman, appeals from the decision of the Lorain County Court of Common Pleas that adjudicated him a child-victim predator. We reverse and remand
 I. {¶ 2} On December 11, 2001, the Lorain County Grand Jury indicted Mr. Schuerman of six counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), third degree felonies. These charges arose from a series of incidents occurring between 1997 and 1999 that involved sexual contact between Mr. Schuerman and three young victims. These victims were foster children who were residing with Mr. Schuerman and his wife at the time. Mr. Schuerman pled not guilty to the charges.
 {¶ 3} Thereafter, Mr. Schuerman withdrew his not guilty pleas and pled guilty to six counts of gross sexual imposition, in violation of R.C. 2907.06(A)(4). The court sentenced Mr. Schuerman accordingly. At the sentencing hearing, the court also adjudicated Mr. Schuerman a child-victim predator and ordered him to register as such. It is from the trial court's child-victim predator adjudication that Mr. Schuerman now appeals.
 {¶ 4} Mr. Schuerman timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The evidence is insufficient to sustain a finding that the appellant is a sexual predator."
 {¶ 5} In his sole assignment of error, Mr. Schuerman contends that the trial court's finding that he is a child-victim predator is not supported by sufficient evidence.
 {¶ 6} On appeal, the State admits that the child-victim predator classification is incorrect. R.C. 2950.01(U) provides, in pertinent part, that a "`[c]hild-victim predator' means a person * * * [who] has been convicted of or pleaded guilty to committing a child-victim oriented offense and is likely to engage in the future in one or more child-victim oriented offenses." R.C. 2950.01(U)(1). R.C. 2950.01(S)(1)(a)(i) defines a child-victim oriented offense as "[a] violation of division (A)(1), (2), (3), or (5) of section 2905.01, of section 2905.02,2905.03, or 2905.05, or of former section 2905.04 of the Revised Code[.]"
 {¶ 7} Mr. Schuerman pled guilty to six counts of gross sexual imposition, in violation of R.C. 2907.06(A)(4). A violation of R.C. 2907.06 is not a child-victim oriented offense, as that offense does not fall within the enumerated statutory sections set forth in R.C. 2950.01(S)(1)(a)(i). As such, the State agrees that the court improperly classified Mr. Schuerman as a child-victim predator, and that the matter should be remanded to the trial court for a new sex offender adjudication.
 {¶ 8} Accordingly, Mr. Schuerman's sole assignment of error is sustained. We remand this case to the trial court for further proceedings consistent with this decision.
 III. {¶ 9} Mr. Schuerman's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J., and Slaby, J., Concur.