OPINION
{¶ 1} Appellant, David Allen Wilson ("Wilson"), appeals the September 13, 2004 judgment of the Common Pleas Court of Union County finding him to be a child-victim predator and ordering him to register as such.
 {¶ 2} On October 9, 1986, Wilson was convicted by a jury of two counts of rape of a child less than thirteen years of age, by force, felonies of the first degree in violation of R.C. 2907.02, and two counts of gross sexual imposition, felonies of the third degree in violation of R.C.2907.05. Wilson was subsequently sentenced to life imprisonment on each count of rape, and two years imprisonment on each count of gross sexual imposition, all sentences to be served concurrently.
 {¶ 3} On September 13, 2004, the trial court held a sexual offender classification hearing. Wilson stipulated to the child-victim predator classification. At the conclusion of the proceedings, Wilson was determined to be a child-victim predator and was ordered to register pursuant to R.C. 2950.04. It is from this judgment that Wilson now appeals asserting the following two assignments of error.
The appellant was denied due process of law because his assistance ofcounsel was ineffective.
 The finding that appellant was a child-victim predator was contrary tothe record and is clear and plain error.
 {¶ 4} In the interest of clarity and logic, we have chosen to address the second assignment of error first. In his second assignment of error, Wilson argues that the trial court's finding that Wilson was a child-victim predator was not supported by the record and is plain error. Wilson asserts that, despite his stipulation that his convictions fit the definition of child-victim predator, it was improper for the court to find him a child-victim predator.
 {¶ 5} In its brief, the State agrees that the facts of the case fall squarely within the facts and holding of State v. Schuerman, 9th Dist. No. 03CA008468, 2004-Ohio-4581, which Wilson relies upon in his brief. The State also admits that the child-victim predator classification is an incorrect finding in the case sub judice.
 {¶ 6} In Schuerman, appellant pled guilty to six counts of gross sexual imposition, in violation of R.C. 2907.06(A)(4). At the sentencing hearing, the trial court sentenced appellant accordingly and adjudicated him a child-victim predator and ordered him to register as such. Appellant's sole assignment of error was that there was insufficient evidence to sustain the finding that appellant was a childvictim predator. The court in Schuerman held that the offenses appellant pled guilty to were not offenses that fell within the statutory sections enumerated in R.C. 2950.01(S)(1)(a)(i); therefore, appellant could not be classified as a childvictim predator. Based on the following analysis we agree with the holding of the Schuerman case.
 {¶ 7} R.C. 2950.01(U) defines a "child-victim predator," as is relevant to this case, as a person who "has been convicted of or pleaded guilty to committing a child-victim oriented offense and is likely to engage in the future in one or more child-victim oriented offenses. R.C. 2950(U)(1). R.C. 2950.01(S)(1) defines "child-victim oriented offense," as is relevant to this case, as the following:
(a) Subject to division (S)(2) of this section, any of the followingviolations or offenses committed by a person eighteen years of age orolder, when the victim of the violation is under eighteen years of ageand is not a child of the person who commits the violation:
 (i) A violation of division (A)(1), (2), (3), or (5) of section 2905.01,of section 2905.02, 2905.03, or 2905.05, or of former section 2905.04 ofthe Revised Code[.]
R.C. 2950.01(S)(1)(a)(i).
 {¶ 8} In Schuerman, the Court reasoned that since appellant had pled guilty to six counts of gross sexual imposition, in violation of R.C.2907.06(A)(4), which were not child-victim oriented offenses as defined by R.C. 2950.01(S)(1), appellant could not be classified as a child-victim predator. Schuerman, 2004-Ohio-4581, at ¶ 7. Likewise, Wilson was convicted of two counts of rape, in violation of R.C. 2907.02, and two counts of gross sexual imposition, in violation of R.C. 2907.05. Neither a violation of R.C. 2907.02, nor a violation of R.C. 2907.05, are child-victim oriented offenses, as neither offense falls within the enumerated statutory sections set forth in R.C. 2950.01(S)(1)(a)(i). Therefore, the trial court improperly classified Wilson as a child-victim predator.
 {¶ 9} Accordingly, Wilson's second assignment of error is sustained and the matter should be remanded to the trial court for a new sex offender adjudication.
 {¶ 10} In his first assignment of error, Wilson argues that his counsel was ineffective for advising him to stipulate to a child-victim classification of which he could not be classified. Based on our determination of the first assignment of error, this argument is well taken.
 {¶ 11} The burden is placed upon the defendant to show ineffectiveness of his trial counsel. The standard is set forth in Strickland v.Washington (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674, in which the Supreme Court held "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." In order to meet this standard, a defendant is required to prove two components. Id. at 687. The first is to show that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. The second component is to show that the deficient performance by counsel prejudiced the defense, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. If a defendant fails to make both of these showings, his claim of ineffective assistance of counsel cannot stand. Id.
 {¶ 12} The general standard for counsel's performance is "reasonably effective assistance." Id. Therefore, Wilson is required to show that the performance of his counsel fell below "an objective standard of reasonableness." Id. at 688. This court must make the inquiry into the reasonableness of counsel's performance considering all of the circumstances in the case. Id. at 695. In addition, counsel's performance must be evaluated from the perspective of counsel at the time of the proceeding. Id.
 {¶ 13} The presumption is in favor of counsel's conduct falling within the range of "reasonable professional assistance." Id. at 689. An error on the part of counsel will not warrant setting aside the judgment of the proceeding unless the error had an effect on that judgment. Id. at 691. In proving that he was prejudiced by his counsel's deficient performance, Wilson "must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the [proceeding] would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 143,538 N.E.2d 373.
 {¶ 14} At the hearing on Wilson's sex offender classification, the prosecution sought a child-victim predator classification. Wilson's counsel told the court that based upon her examination of the statute, a child-victim predator classification was correct. The court then inquired whether Wilson stipulated to the classification, at which time Wilson indicated that he did. Wilson's counsel never raised any objection to the classification despite the fact that Wilson was not convicted of any of the offenses listed in R.C. 2950.01(S)(1)(a)(i). As a result of counsel's acquiescence in the application of the child-victim predator classification to Wilson, and Wilson's stipulation to such, the trial court found that Wilson was a child-victim predator and ordered Wilson to register as such. The trial court based its finding on Wilson's stipulation that he met the requirements for the classification.
 {¶ 15} Since Wilson's convictions were for offenses that are not within the enumerated statutory sections of R.C. 2950.01(S)(1)(a)(i), Wilson's counsel erred in agreeing to the child-victim predator classification and in failing to counsel Wilson not to stipulate to the classification. Counsel's error affected the result of the proceeding and prejudiced Wilson. Therefore, we conclude that Wilson's counsel was ineffective at the sex offender classification hearing. Accordingly, Wilson's second assignment of error is sustained.
 {¶ 16} Having found merit with the assignments of error, the judgment of the Common Pleas Court of Union County is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Cupp, P.J., and Shaw, J., concur.